WeldoN, J.,
dissenting:
I do not concur in the result reached by the court in this case, and express the reasons of my dissent briefly:
It is said in the second clause of Finding II that “if he were, upon the date of his appointment, credited, for computing his pay, with five years’ service, and entitled to be paid from that date, he would receive pay at the following-rates:
Three years and 130 days, at §2,700 per annum.§10,068.49
Five years, at §3,500 per annum. 17,500.00
Total. 27,568.49
or S3,506.85 more than he previously received.”
The statute upon which the claimant bases his right to recover, and which is quoted at length in the opinion of the court, is in the third proviso, as follows:
“ Provided further, That naval chaplains who do not possess relative rank shall have the rank of lieutenant in the Navy; and that all officers, including warrant officers, who have been or may be appointed to the Navy from civil life shall, on the date of appointment, be credited, for computing their pay, with five years’ service.”
The words of this proviso are a clear and unequivocal declaration, upon which is based the right of the claimant. They need no interpretation or construction, and. are a plain indication by apt and unambiguous words as to the measure of pay.
In the case of Dewey v. The United States, in the Supreme Court and in this court the rule of judicial authority in the application of a statute is stated, and applying the law of that case to this case warrants, in my opinion, the allowance of the claim of the plaintiff, as indicated in the second paragraph of Finding II. Dewey v. United States (178 U. S., 521); Dewey v. United States (35 C. Cls. R., 172).
While retrospective legislation is not to be presumed, the words employed by the legislature must be given their ordinary and logical effect. The intent of the legislature “appears by an unavoidable implication,” and fulfills the strict rule as to retroactive operation prescribed by Mr. Justice Miller in the case of Schench v. Peay (1 Woolworth’s Rep., 175). For these brief reasons I dissent from the conclusion reached in this case.